## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DONALD M. ALLAN, | Case No. 19-11574 (LSS) |
| Debtor. | |

### MOTION OF THE DEBTOR FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(a), 345 AND 363, FED. R. BANKR. P. 6003 AND DEL. BANKR. L.R. 2015-2 AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING ACCOUNT, CHECKS AND FORMS

Debtor and Debtor-in-Possession Donald M. Allan ("Debtor"), by and through his proposed counsel, hereby respectfully moves (the "Motion") for entry of interim and final orders under Sections 105, 345 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2015-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtor to continue to maintain and use his existing cash management system, including maintenance of the Debtor's existing bank account, checks and forms; (ii) granting the Debtor a waiver of certain bank account and related requirements of the Office of the United States Trustee for the District of Delaware (the "United States Trustee") to the extent that such requirements are inconsistent with the Debtor's existing practices under the cash management system; and (iii) granting related relief. In support of this Motion, the Debtor incorporates the statements contained in the *Declaration of Donald M. Allan in Support of First-Day Pleadings* (the "First Day Declaration") filed contemporaneously herewith and further respectfully states as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Notwithstanding the foregoing, the

Debtor consents to the entry of an order with respect to this Motion if it is determined that the

Court would lack Article III jurisdiction to enter such order absent the consent of the parties.

Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

The predicates for the relief requested herein are Bankruptcy Code sections 105(a), 345 and 363,

Bankruptcy Rule 6003 and Local Rule 2015-2.

## BACKGROUND

2.      On the date hereof (the "Petition Date"), the Debtor filed with this Court a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues in

possession of his property and the management of his business as a debtor-in-possession,

pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      The United States Trustee has not appointed a statutorily authorized creditors'

committee in the Debtor's case.

4.      The Debtor is an individual who resides in Lewes, Delaware.  The Debtor filed

this case in order to protect his assets and to attempt to reorganize his debts pursuant to Chapter

11 of the Bankruptcy Code.

5.      Additional information regarding the Debtor and this case, including the Debtor's

financial condition and the reasons for and objectives of this case, is set forth in the First Day

Declaration filed contemporaneously herewith and incorporated herein.

6.      The Debtor's cash management system is very simple.  The Debtor has one (1)

pre-petition checking account ("Account").  The Account is located at Branch Banking & Trust

("BB&T"), where the Debtor has a long-standing banking relationship.  In addition to his

personal account, the Debtor frequently uses BB&T to deposit funds into non-debtor business

entities.  The centralized location of his personal and the non-debtor business accounts provides

2

significant cost savings for the Debtor and allows for streamline and efficient use of resources.

7.       While the Debtor's cash management system is simple, the disruption of closing the pre-petition Account and opening new Account where all of the estate funds flow in and out would be problematic.  Among other things, the Debtor recently provided direct deposit information to his Employer, who is in the process of establishing direct deposits into the Account.  Interruption in the collection of income by the Debtor will cause unnecessary disruption to the Debtor's revenue at a critical stage in these proceedings.

8.       As described above, the Account is intricately tied to the Debtor's cash flow and ongoing ability to pay post-petition expenses.  Any disruption to the Debtor's Account could negatively impact his ability to meet ongoing obligations during the course of these proceedings.

## RELIEF REQUESTED

9.       By this Motion, the Debtor seeks entry of an order, pursuant to Bankruptcy Code Sections 105(a), 345 and 363 (a) authorizing, but not directing, the Debtor to continue to maintain and use his existing cash management system, including maintenance of the Debtor's existing Account, checks (for a specified, limited period) and forms; (b) granting the Debtor a waiver of certain bank account and related requirements of the United States Trustee to the extent that such requirements are inconsistent with the Debtor's existing practices under the cash management system and (c) granting related relief.

10.      The Debtor also requests that the Court authorize and direct all banks  with which the Debtor maintains Account to continue to maintain, service and administer such Account.

## BASIS FOR RELIEF

11.      In the interest of maintaining the continued and efficient business operations during the pendency of this chapter 11 case, the Debtor requests that he be permitted to use his Account and that BB&T be authorized and directed to continue to administer, service and

ME1 30957584v.1

maintain the pre-petition Account as such Account was administered, serviced and maintained pre-petition, without interruption and in the ordinary course (including making deductions for bank fees), and to honor any and all checks, drafts, wires, ACH transfers, electronic fund transfers or other items presented, issued, processed through or drawn on the Account on account of a claim arising on or after the Petition Date.

12.    Bankruptcy Code Section 363(c)(1) authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The authority granted by Bankruptcy Code Section 363(c)(1) extends to a debtor in possession's continued use of its customary cash management system and, thus, supports the relief requested. *See, e.g.*, *Charter Co. v. Prudential Ins. Co. Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985) (indicating that an order authorizing the debtor to employ a cash management system that was "usual and customary in the past" was "entirely consistent" with Section 363(c)(1)).

13.    Bankruptcy Code Section 105(a) also authorizes this Court to permit the Debtor to continue using his existing cash management system and the pre-petition Account. Section 105(a) vests in this Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The continuation of the cash management system, including the continued use of the pre-petition Account, is essential to the Debtor's reorganization efforts and the efficient administration of this chapter 11 case. Indeed, one court, in another context, has recognized that a centralized cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash account for the many different purposes that require cash." *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in part* and *rev'd in part*, 997 F.2d 1039 (3d Cir.

1993).  The relief requested is, therefore, appropriate under Bankruptcy Code Section 105(a).

14.    The Debtor believes that the Account is a customary and essential aspect of operating as a Chapter 11 Debtor-in-Possession.  Allowing the Debtor to continue to use the Account and waiver of the UST Requirements (defined *infra*.) will help ensure that the Debtor is able to efficiently and accurately handle and process his personal cash requirements.

15.    The continued use of the Debtor's Account will not disrupt operations and should maximize value for the benefit of all parties in interest.  Maintaining the existing Account without disruption is both essential to the Debtor's ongoing operations and in the best interests of the Debtor, the estate and all interested parties.  As stated above, the Debtor's Employer is in the process of processing direct deposits into the Account.  Causing the Debtor to close the Account and reestablish a new account could severely delay and hinder his ability to collect wages and operate in the ordinary course of business as a chapter 11 Debtor-in-Possession, which, in turn, would negatively affect his ability to reorganize under the Bankruptcy Code. Accordingly, the Debtor requests that he be allowed to maintain and continue to use the cash management system and the pre-petition Account.

16.    As part of the relief requested herein, the Debtor also seeks an order authorizing the Debtor to: (a) maintain and continue to use his pre-petition Account as described herein, in the same manner and with the same account numbers, styles and document forms as are currently employed; and (b) deposit funds in, withdraw funds from and process funds through the pre-petition Account by all usual means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers or other items presented, issued or drawn on the Account.

17.    If the relief requested herein is granted, the Debtor will implement appropriate mechanisms to ensure that no payments will be made on any debts incurred by the Debtor prior

to the Petition Date, other than those authorized by this Court.

18.     The Debtor further requests, pursuant to Bankruptcy Code Sections 105(a) and 363, that this Court grant a waiver of certain bank account and related requirements of the United States Trustee to the extent that such requirements are inconsistent with (a) the Debtor's existing practices under the cash management system as described herein.  The United States Trustee has established certain operating guidelines for debtors in possession in order to supervise the administration of chapter 11 cases.  These requirements (collectively, the "UST Requirements") require chapter 11 debtors to, among other things: (i) close all existing bank Account and open new debtor-in- possession bank Account; (ii) establish one debtor-in-possession account for all estate monies required for the payment of taxes, including payroll taxes; (iii) maintain a separate debtor-in- possession account for cash collateral; and (iv) obtain checks for all debtor-in-possession Account which bear the designation "Debtor In Possession," the bankruptcy case number and the type of Account.  These requirements are designed to draw a clear line of demarcation between pre-petition and post-petition transactions and operations and prevent the inadvertent post-petition payment of pre-petition claims.  The Debtor submits that (a) he is able to work with BB&T to ensure that this goal of separation between the pre-petition and post-petition period is observed and (b) enforcing certain of these UST Requirements would disrupt the Debtor's operations and impose an unnecessary financial and/or administrative burden on the Debtor's estate.

19.     The continuation of the Debtor's Account, as requested in this Motion, is consistent with the Debtor's authority to use property of the estate in the ordinary course of business pursuant to Bankruptcy Code Section 363(c)(1).  Accordingly, this Court should grant the Debtor a waiver of the UST Requirements, to the extent necessary to comply with the relief requested in this Motion.

## REQUESTS FOR IMMEDIATE RELIEF & WAIVER OF STAY

20.     Pursuant to Bankruptcy Rules 6003(b) and 6004(h), the Debtor seeks (i) immediate entry of an order granting the relief sought herein and (ii) a waiver of any stay of the effectiveness of such an order.  Bankruptcy Rule 6003(b) provides, in relevant part, that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to pay all or part of a claim that arose before the filing of the petition."  Accordingly, where the failure to grant any such requested relief would result in immediate and irreparable harm to the Debtor's estate, the Court may allow the Debtor to pay all or part of a claim that arose before the Petition Date prior to the twenty-first day following the Petition Date.  Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

21.     As set forth above and in the First Day Declaration, the use of the Debtor's cash management system, including the Account, is necessary to prevent the immediate and irreparable damage to the Debtor's operations and ability to reorganize that would result from a collapse of his ability to operate.  Accordingly, the Debtor submits that ample cause exists to justify (i) the immediate entry of an order granting the relief sought herein and (ii) a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## NOTICE

20.     Notice of this Motion has been given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the purported secured creditors of the Debtor, including BBR Investments, LLC and Wyoming Millwork Co.; (c) the entities included on the List of Creditors Holding the 20 Largest Unsecured Claims; (d) the Internal Revenue Service and any other taxing authorities that hold or that the Debtor believes may assert claims against the

ME1 30957584v.1

Debtor's estate; (e) BB&T; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion seeks first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Del. Bankr. L.R. 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submits that no further notice of this Motion is required.

### NO PRIOR REQUEST

21.    No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully request that the Court enter an order substantially in the form attached hereto (i) granting the relief sought herein; and (ii) granting to the Debtor such other and further relief as the Court deems just and proper.

MCCARTER & ENGLISH, LLP

Date: July 17, 2019

*/s/ Shannon D. Humiston*
Kate R. Buck (No. 5140)
Shannon D. Humiston (No. 5740)
405 North King Street, 8th Floor
Wilmington, DE 19801
Telephone:  (302) 984-6300
Facsimile:   (302) 984-6399
kbuck@mccarter.com
shumiston@mccarter.com

*Proposed Counsel to the Debtor and
Debtor in Possession*

ME1 30957584v.1