**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DONALD M. ALLAN, | Case No. 19-11574 (LSS) |
| Debtor. | RE: Doc. No. |

**INTERIM ORDER APPROVING THE MOTION OF THE DEBTOR FOR
INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(a), 345 AND 363,
FED. R. BANKR. P. 6003 AND DEL. BANKR. L.R. 2015-2 AUTHORIZING
CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, INCLUDING
MAINTENANCE OF EXISTING ACCOUNT, CHECKS AND FORMS**

Upon consideration of the *Motion of the Debtor for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a), 345 and 363, Fed. R. Bankr. P. 6003 and Del. Bankr. L.R. 2015-2 Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Account, Checks and Forms* (the "Motion")[1]; and upon the *Declaration of Donald M. Allan in Support of First Day Pleadings* ("Declaration") and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and the Declaration; and this Court having determined that the legal and factual bases set forth in

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion and at any Hearing on the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is GRANTED as set forth herein, and it is further

ORDERED, that the Debtor is permitted to continue to maintain and use its existing cash management system, including maintenance of the Debtor's existing Account, checks and forms, provided that once the Debtor's existing checks have been used, the Debtor shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the Debtor prints himself, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Order; and it is further

ORDERED that the requirements provided in 11 USC § 345(b) are hereby WAIVED as to the Account maintained at BB&T for an interim period of sixty (60) days, without prejudice to the Debtor's right to seek a further waiver; and it is further

ORDERED that all of the Debtor's pre-petition banks, including BB&T, are authorized and directed to continue to administer, service, process and maintain the Debtor's Account as it was administered, serviced, processed and maintained pre-petition, without interruption and in the ordinary course (including making deductions for bank fees), and to honor any and all checks, drafts, wires, ACH transfers, electronic fund transfers or other items presented, issued, processed or drawn on the pre-petition Account on account of a claim arising on or after the Petition Date; and it is further

ORDERED that the Debtor shall maintain accurate and detailed records of all transfers,

2

so that all transactions may be readily ascertained, traced, recorded properly and distinguished between pre-petition and post-petition transactions; and it is further

ORDERED that since BB&T is a party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Order the Debtors shall (a) contact BB&T, (b) provide the bank with the Debtor's social security number and (c) identify the Account as being held by a debtor in possession in a bankruptcy case; and it is further.

ORDERED that for any banks at which the Debtor holds accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use his good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of this Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved; and it is further

ORDERED that the Debtor is authorized to open any new accounts or close any existing accounts as he may deem necessary and appropriate, in his sole discretion; provided, however, that the Debtor gives notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in this chapter 11 case; provided, further, however that the Debtor shall open any such new Account or other depository account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to

immediately execute such an agreement; and it is further

ORDERED that the UST Requirements are waived, except as otherwise set forth herein; and it is further

ORDERED that requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the matters authorized by this Order and this Order shall be immediately effective and enforceable upon its entry.  To the extent that it may be applicable, the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is hereby waived; and it is further

ORDERED that a final hearing on the Motion shall be held on _____, 2019, at ____:____ __.m., before the Honorable _____ at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, DE 19801 in Courtroom 2.  On or before _____, 2019, the Debtor shall serve by United States mail, first-class postage prepaid, notice of this entry of Interim Order and of the final hearing, together with a copy of this Interim Order and, unless already provided, a copy the Motion on: (a) the Office of the United States Trustee for the District of Delaware; (b) the purported secured creditors of the Debtor, including BBR Investments, LLC and Wyoming Millwork Co.; (c) the entities included on the List of Creditors Holding the 20 Largest Unsecured Claims; (d) the Internal Revenue Service and any other taxing authorities that hold or that the Debtor believes may assert claims against the Debtor's estate; (e) BB&T; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

BY THE COURT:

Dated: _____, 2019    _____
     Wilmington, Delaware    The Honorable Laurie Selber Silverstein
                                                     United States Bankruptcy Judge