UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re  Allan                                        Case No.  19-11574 (LSS)
       Debtor

**INITIAL REPORT - Individual Debtor(s)**
File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection (Form IR-1)** | | 6 week budget attached |
| **Certificates of Insurance:** | | |
| Homeowners | X | |
| Property | | homeowners attached |
| General Liability | X | |
| Auto | X | |
| Other: workers compensation | X | |
| Identify any areas of self-insurance w/liability caps | | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
| Tax Escrow Account | | |
| General Operating Account | X | |
| Money Market Account pursuant to Local Rule 4001-3. Refer to http://www.deb.uscourts.gov/ | | |
| Other:_____ | | |
| **Retainers Paid (Form IR-2)** | X | |
| | | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

/s/ Donald M. Allan                                      08/01/2019
Signature of Debtor                                      Date


_____          _____
Signature of Joint Debtor                                Date


_____          _____
Signature of Authorized Individual*                      Date


_____          _____
Printed Name of Authorized Individual                    Title of Authorized Individual


*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

FORM IR
(4/07)

1

| Week Beginning | 7/17/2019 | 7/21/2019 | 7/28/2019 | 8/4/2019 | 8/11/2019 | 8/18/2019 | 8/25/2019 | Total |
|---|---|---|---|---|---|---|---|---|
| Beginning Balance | $250.30 | $250.30 | $1,542.33 | $23.56 | $1,585.25 | $1,149.56 | $3,733.68 | |
| | | | | | | | | |
| **Income** | | | | | | | | |
| Wages | $0.00 | $5,076.92 | $7,500.00 | $2,653.85 | $5,076.92 | $5,076.92 | $7,500.00 | **$32,884.62** |
| | | | | | | | | |
| **Expenses** | | | | | | | | |
| Motgages | $0.00 | $969.04 | $7,976.62 | $0.00 | $969.04 | $0.00 | $7,976.62 | **$17,891.32** |
| Other Secured Creditors | $0.00 | $1,748.70 | $0.00 | $0.00 | $3,006.42 | $1,425.65 | $323.05 | **$6,503.82** |
| Taxes | $0.00 | $416.54 | $416.54 | $416.54 | $416.54 | $416.54 | $416.54 | **$2,499.23** |
| Utilities | $0.00 | $0.00 | $0.00 | $0.00 | $470.00 | $0.00 | $0.00 | **$470.00** |
| Necessities | $0.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | **$600.00** |
| Transportation | $0.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | **$300.00** |
| Insurance | $0.00 | $100.62 | $100.62 | $100.62 | $100.62 | $100.62 | $100.62 | **$603.69** |
| | | | | | | | | |
| **Reorganization Fees** | | | | | | | | |
| U.S. Trustee Fees | $0.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | **$900.00** |
| Professionals | $0.00 | $250.00 | $225.00 | $275.00 | $250.00 | $250.00 | $250.00 | **$1,500.00** |
| | | | | | | | | |
| | | | | | | | | |
| **Total** | **$250.30** | **$1,542.33** | **$23.56** | **$1,585.25** | **$1,149.56** | **$3,733.68** | **$1,866.85** | |

## NEW BUSINESS INSURANCE BINDER



Johnson & Johnson
The Experience of the Past with a Vision for the Future

| NAMED INSURED & MAILING ADDRESS | AGENCY NAME & ADDRESS | |
|---|---|---|
| DONALD ALLAN | 807243 - INSURANCE ASSOCIATES INCORPORATED | BINDER #: ▌▌▌5844  VERSION #: 1 |
| 15914 WILLOW CREEK RD | 720 NEW LONDON RD | FILE #: ▌▌▌1707 |
| LEWES, DE  19958 | NEWARK, DE  19711 | DATE BOUND:  07/31/2019 |
|  |  | HABITATION |
|  | PHONE: (302) 368-0888 | MINIMUM EARNED PREMIUM: 25% |
|  |  | POLICY TERM: 12 MONTHS |
| AGENT: Deborah Wallace | | |
| Debbiew@iai-de.com | | NO FLAT CANCELLATIONS |

REQUESTED POLICY PERIOD:  07/31/2019 to 07/31/2020 12:01 a.m. Standard Time at the Described Location(s)

**GREAT LAKES INSURANCE SE CO #: 740**

| LINE OF BUSINESS | PREMIUM |
|---|---|
| HOMEOWNERS | $4,825.00 |
| POLICY FEE | $110.00 |
| STATE TAX | $148.05 |
| TOTAL PREMIUM | $5,083.05 |

*This insurance contract is issued pursuant to the Delaware Insurance Laws by an insurer neither licensed by nor under the jurisdiction of the Delaware Insurance Department.  This insurer does not participate in insurance guaranty funds created by state law.  In the event of the insolvency of the surplus lines insurer, losses will not be paid by the state insurance guaranty fund.*

THE TERMS AND CONDITIONS OF THIS BINDER MAY NOT COMPLY WITH THE SPECIFICATIONS SUBMITTED FOR CONSIDERATION.
PLEASE READ THIS BINDER CAREFULLY AND COMPARE IT AGAINST YOUR QUOTE AND SUBMISSION DOCUMENTS.

| POLICY ISSUANCE INSTRUCTIONS | UNDERWRITER NOTES |
|---|---|
| *Coverage is bound and subject to no flat cancellations. A complete policy will be issued once all required information is received.* | This Binder has been issued subject to the following items. Any changes in these items may change the terms and conditions of this Binder. |
| The following items are due on **08/10/2019**.  The requested effective date may be changed if this information is not received by the date | • Quote is subject to no prior claims |
| • Full Payment is due within 10 business days of the requested effective date. | |
| • Satisfactory updates on plumbing, electrical, and heating within the past 40 years (30 years if placing business with Scottsdale), and roofing within past 20 years | Thank you for your business! |
| • Please note an inspection will be performed after issuance and must be satisfactory to maintain coverage | |
| • Dwelling values are estimates only.  Agents are responsible for verifying replacement cost values. | |
| • Delaware Statement of Diligent Effort | |
| • Protection Class Supplemental Questionnaire | |
| • Signed Homeowner Application | |
| • Completed and Signed Statement of No Losses | |
| • Delaware Surplus Lines Broker Notice to Insured | |

This binder may be cancelled by the company by notice to the insured in accordance with the policy conditions. This binder is cancelled when replaced by a policy. If this binder is not replaced by a policy, the company is entitled to charge a premium for the binder according to the rules and rates in use by the company. The quoted premium is subject to verification and adjustment, when necessary, by the company. This company binds the kind(s) of insurance stipulated on this binder. This insurance is subject to the terms, conditions, and limitation of the policy(ies) in current use by the company.

4222289



300 Arboretum Place, Suite 410
Richmond, VA 23236
1-800-366-7475 or 1-804-330-4652
Fax 1-804-330-9485
www.allrisks.com

## PERSONAL LINES BINDER

| Insured Name and Mailing Address | Mortgagee – Name, Mailing Address, Loan Number |
|---|---|
| Allan, Donald & Allan, Lori<br>15914 Willow Creek Road<br>Lewes<br>LEWES<br>DE<br>19958 | |

| Type of Insurance | Dwelling Fire |
|---|---|
| Company | 239-Certain Underwriters at Lloyds |
| Program/Form/Description | 239 / DP-3 |
| Policy Number | ▇▇▇▇▇6499 |
| Effective Date (from - to) | 07/31/2019 - 07/31/2020 |

| Covered Risk Address |
|---|
| 1107 Aiken Avenue Extension, PERRYVILLE, MD, 21903 |

## COVERAGES AND LIMITS OF LIABILITY

| Coverage - Property | Limit | Loss Provision | Deductible |
|---|---|---|---|
| Dwelling - Coverage A | $200,000 | Replacement Cost | $1,000 Named Storm |
| Other Structures - Coverage B | $20,000 | | $1,000 (All Other Perils) |
| Personal Property - Coverage C | $0 | Actual Cash Value | |
| Loss of Use/Rents - Coverage D | $20,000 | | |

| Optional Coverage - Property | Limit |
|---|---|
| Vandalism and Malicious Mischief | Included |
| Limited Mold Coverage | $5,000 |

| Optional Coverage - Liability | Limit |
|---|---|
| Personal Liability | $300,000 |
| Medical Payments to Others (Each Person) | $1,000 |

## Notes

| | |
|---|---|

| Basic Premium | $999.00 |
|---|---|
| Surplus Lines Tax | $31.77 |
| Policy Fee | $100.00 |
| Inspection Fee | $60.00 |
| Filing Fee | $0.00 |
| | |
| Total Premium | $1,190.77 |
| Minimum Earned Premium | 25.0 % at inception |

| Date Prepared | 07-31-2019 |
|---|---|
| Agency | Insurance Associates Inc |

**Failure to return complete information within 7 days of the effective date of coverage will result in Flat Cancellation of the binder and the policy will not be issued.**

4222863-1



300 Arboretum Place, Suite 410
Richmond, VA 23236
1-800-366-7475 or 1-804-330-4652
Fax 1-804-330-9485
www.allrisks.com

## PERSONAL LINES BINDER

| Insured Name and Mailing Address | Mortgagee – Name, Mailing Address, Loan Number |
|---|---|
| Allan, Donald & Lori, Allan<br>15914 Willow Creek Road<br>LEWES<br>DE<br>19958 | |

| Type of Insurance | Dwelling Fire |
|---|---|
| Company | 239-Certain Underwriters at Lloyds |
| Program/Form/Description | 239 / DP-3 |
| Policy Number | 6500 |
| Effective Date (from - to) | 07/31/2019 - 07/31/2020 |

| Covered Risk Address |
|---|
| **1683 Porter Road, BEAR, DE, 19701** |

## COVERAGES AND LIMITS OF LIABILITY

| Coverage - Property | Limit | Loss Provision | Deductible |
|---|---|---|---|
| Dwelling - Coverage A | $250,000 | Replacement Cost | $1,000 Named Storm |
| Other Structures - Coverage B | $25,000 | | $1,000 (All Other Perils) |
| Personal Property - Coverage C | $0 | Actual Cash Value | |
| Loss of Use/Rents - Coverage D | $25,000 | | |

| Optional Coverage - Property | Limit |
|---|---|
| Water Backup | $5,000 |
| Vandalism and Malicious Mischief | Included |
| Limited Mold Coverage | $5,000 |

| Optional Coverage - Liability | Limit |
|---|---|
| Personal Liability | $300,000 |
| Medical Payments to Others (Each Person) | $1,000 |

### Notes

| | |
|---|---|
| Basic Premium | $1,156.00 |
| Surplus Lines Tax | $39.78 |
| Policy Fee | $110.00 |
| Inspection Fee | $60.00 |
| Filing Fee | $0.00 |
| | |
| Total Premium | $1,365.78 |
| Minimum Earned Premium | 25.0 % at inception |

| Date Prepared | 07-31-2019 |
|---|---|
| Agency | Insurance Associates Inc |

**Failure to return complete information within 7 days of the effective date of coverage will result in Flat Cancellation of the binder and the policy will not be issued.**

07-31-2019 15:04:12

5



# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY):** 7/30/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**IMPORTANT:** If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
INSURANCE ASSOCIATES INC
720 NEW LONDON RD
NEWARK                  DE   19711-2100

**CONTACT NAME:**
**PHONE (A/C, No, Ext):** 302-368-0888   **FAX (A/C, No):**
**E-MAIL ADDRESS:**

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: SELECTIVE WAY INSURANCE COMPANY | 26301 |
| INSURER B: SELECTIVE INS CO OF SOUTH CAROLINA | 19259 |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

**INSURED**
DONALD M ALLAN
15914 WILLOW CREEK RD
LEWES                   DE   19958-3618

**COVERAGES**       **CERTIFICATE NUMBER:**       **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| B | X COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE X OCCUR | X | | ▇▇▇8529 | 8/1/2019 | 8/1/2020 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 500,000 |
| | | | | | | | MED EXP (Any one person) | $ 15,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: X POLICY X PRO-JECT X LOC ☐ OTHER: | | | | | | GENERAL AGGREGATE | $ 3,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 3,000,000 |
| | | | | | | | | $ |
| B | AUTOMOBILE LIABILITY X ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS X HIRED AUTOS ONLY X NON-OWNED AUTOS ONLY | X | | ▇▇▇8529 | 8/1/2019 | 8/1/2020 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ EXCESS LIAB ☐ OCCUR ☐ CLAIMS-MADE DED ☐ RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| A | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | ▇▇▇1897 | 8/1/2018 | 8/1/2019 | X PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

This Certificate of Liability Insurance was created by Selective on behalf of the agent.
office of US trussees district of DE is included as additional insured with respect to Automobile, General Liability as required by written contract or agreement.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| office of US trussees district of DE 844 King St Suite 2207 wilminton           DE   19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | **AUTHORIZED REPRESENTATIVE** *[signature]* |

© 1988-2015 ACORD CORPORATION. All rights reserved.
ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DONALD M. ALLAN, | Case No. 19-11574 (LSS) |
| Debtor. | RE: Doc. No. 8 |

### INTERIM ORDER APPROVING THE MOTION OF THE DEBTOR FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(a), 345 AND 363, FED. R. BANKR. P. 6003 AND DEL. BANKR. L.R. 2015-2 AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING ACCOUNT, CHECKS AND FORMS

Upon consideration of the *Motion of the Debtor for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a), 345 and 363, Fed. R. Bankr. P. 6003 and Del. Bankr. L.R. 2015-2 Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Account, Checks and Forms* (the "Motion")[1]; and upon the *Declaration of Donald M. Allan in Support of First Day Pleadings* ("Declaration") and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and the Declaration; and this Court having determined that the legal and factual bases set forth in

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

ME1 31007786v.1

7

the Motion and at any Hearing on the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is GRANTED as set forth herein, and it is further

ORDERED, that the Debtor is permitted to continue to maintain and use its existing cash management system, including maintenance of the Debtor's existing Account, checks and forms, provided that once the Debtor's existing checks have been used, the Debtor shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the Debtor prints himself, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Order; and it is further

ORDERED that the Debtor is granted a 30 day extension of time to comply with the investment and deposit requirements of section 345 of the Bankruptcy Code, which extension is without prejudice to the Debtor's ability to seek a final waiver of those requirements; and it is further

ORDERED that all of the Debtor's pre-petition banks, including BB&T, are authorized and directed to continue to administer, service, process and maintain the Debtor's Account as it was administered, serviced, processed and maintained pre-petition, without interruption and in the ordinary course (including making deductions for bank fees), and to honor any and all checks, drafts, wires, ACH transfers, electronic fund transfers or other items presented, issued, processed or drawn on the pre-petition Account on account of a claim arising on or after the Petition Date; and it is further

2

ORDERED that the Debtor shall maintain accurate and detailed records of all transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between pre-petition and post-petition transactions; and it is further

ORDERED that since BB&T is a party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Order the Debtors shall (a) contact BB&T, (b) provide the bank with the Debtor's social security number and (c) identify the Account as being held by a debtor in possession in a bankruptcy case; and it is further.

ORDERED that for any banks at which the Debtor holds accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use his good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved; and it is further

ORDERED that the Debtor is authorized to open any new accounts or close any existing accounts as he may deem necessary and appropriate, in his sole discretion; provided, however, that the Debtor gives notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in this chapter 11 case; provided, further, however that the Debtor shall open any such new Account or other depository account at banks that have executed a Uniform Depository Agreement with the Office of the

United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement; and it is further

ORDERED that the UST Requirements to: (i) close all existing bank accounts and open new debtor-in- possession bank account; (ii) establish one debtor-in-possession account for all estate monies required for the payment of taxes, including payroll taxes; and (iii) maintain a separate debtor-in- possession account for cash collateral are waived, except as otherwise set forth herein; and it is further

ORDERED that requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the matters authorized by this Order and this Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is hereby waived; and it is further

ORDERED that a final hearing on the Motion shall be held on **August 27, 2019, at 11:30 a.m.** (prevailing Eastern Time), before the Honorable Laurie Selber Silverstein at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, DE 19801 in Courtroom 2 and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to **August 20, 2019, at 4:00 p.m.** (prevailing Eastern Time); and it is further

ORDERED that on or before July 25, 2019, the Debtor shall serve by United States mail, first-class postage prepaid, notice of this entry of Interim Order and of the final hearing, together with a copy of this Interim Order and, unless already provided, a copy the Motion on: (a) the Office of the United States Trustee for the District of Delaware; (b) the purported secured creditors of the Debtor, including BBR Investments, LLC and Wyoming Millwork Co.; (c) the

4

ME1 31007786v.1

entities included on the List of Creditors Holding the 20 Largest Unsecured Claims; (d) the Internal Revenue Service and any other taxing authorities that hold or that the Debtor believes may assert claims against the Debtor's estate; (e) BB&T; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

Dated: July 23, 2019
Wilmington, Delaware

BY THE COURT:

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge

5

ME1 31007786v.1

In re **Allan**                                                 Case No. **19-11574 (LSS)**
               Debtor                                           Reporting Period: **Initial**

### SCHEDULE OF RETAINERS PAID TO BANKRUPTCY PROFESSIONALS

(This schedule is to include each Professional paid a retainer [1])

| Payee | Check Date | Check Number | Name of Payor | Amount | Amount Applied to Date | Balance |
|---|---|---|---|---|---|---|
| McCarter & English, LLP | 6/17/19 | 7900729 | Donald M. Allan | $12,000 | $0 | $12,000 |

[1] Identify all Evergreen Retainers

Form IR-2
(4/07)