# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DONALD M. ALLAN,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 19-11574 (LSS)<br><br>Obj. Deadline: Aug. 30, 2019, at 4:00 p.m.<br>Hearing Date: Sept. 16, 2019, at 10:30 a.m. |

**DECLARATION AND DISCLOSURE STATEMENT OF SHANNON D. HUMISTON ON BEHALF OF MCCARTER & ENGLISH, LLP PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016(b), AND BANKRUPTCY LOCAL RULES 2014-1 AND 2016-1**

Shannon D. Humiston makes this declaration (the "Declaration") under 28 U.S.C. § 1746, and states:

1. I am an associate of McCarter & English, LLP ("McCarter" or the "Firm"), a law firm with its principal offices at Renaissance Center, 405 N. King St., 8th Floor, Wilmington, DE 19801.

2. I submit this Declaration to provide the disclosures required under section 329(a) and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") in connection with the application (the "Application")[1] of the Debtor and Debtor-in-possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") for authority to employ and retain McCarter as its counsel in the above-captioned Chapter 11 Case, *nunc pro tunc*, to the date the Chapter 11 Case was commenced (the "Petition Date") at its normal hourly rates as adjusted from time to time and in accordance with normal reimbursement policies, in compliance with section 327(a) of the

---

[1]

Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon McCarter's completion of further review, or as additional party in interest information becomes available to it, I will submit a supplemental declaration to the Court reflecting such amended or modified information.

3. Neither I, McCarter, nor any partner of, counsel to, or associate of the Firm represents any entity other than the Debtor in connection with this Chapter 11 Case. In addition, to the best of my knowledge, after due inquiry, neither I, McCarter, nor any partner of, counsel to, or associate of the Firm represents any party in interest in the Chapter 11 Case in matters related to the Chapter 11 Case.

## MCCARTER'S DISCLOSURE PROCEDURES

4. McCarter, a firm of approximately 400 attorneys, has a large and diversified legal practice that encompasses the representation of certain financial institutions and commercial corporations. McCarter has, in the past, represented, currently represents, and may in the future represent entities that are claimants against the Debtor's estate in matters unrelated to the Chapter 11 Case. Some of those entities are, or may consider themselves to be, creditors or parties in interest in the pending Chapter 11 Case or may otherwise have interests in these cases.

5. In preparing this Declaration, I used a set of procedures developed by McCarter to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "<u>Firm Disclosure Procedures</u>"). Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration

and to ascertain McCarter's connection to such parties:

>   a. A list of the types of entities who may have contacts with the Debtor was developed through discussions with the McCarter attorneys who have provided services to the Debtor and the Debtor (the "Retention Checklist").
>
>   b. McCarter obtained information responsive to the Retention Checklist through several inquiries of the Debtor and review of documents provided by the Debtor to McCarter. McCarter then used that information, together with other information identified by McCarter, to compile a list of the names of entities who may be parties in interest in the Chapter 11 Case (the "Potential Parties in Interest"). A copy of the Potential Parties in Interest is attached as Exhibit 1.
>
>   c. McCarter maintains a master client database as part of its conflict clearance and billing records. The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "Client Database"). The Client Database includes the name of each current or former client, the names of the parties who are or were related or adverse to such current or former client, and the names of the McCarter personnel who are or were responsible for current or former matters for such client. It is the policy of McCarter that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties and, in some cases, parties related to the client or to an adverse party. Accordingly, the database is updated for every new matter undertaken by McCarter. The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.
>
>   d. McCarter compared the names of each of the Potential Parties in Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the date the comparison was performed.[2]
>
>   e. Any apparent matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective McCarter personnel responsible for the identified client matters.

---

[2] For purposes of the Firm Disclosure Procedures, McCarter considers an entity a "former client" if all matters for such client have been closed or, if any matters for such client have not been closed, if no billable time for such client has been recorded in the past two years. Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration.

3

A McCarter attorney then reviewed the results and deleted obvious name coincidences and individuals or entities that were adverse to McCarter's clients in both this matter and the matter referenced to compile a list of apparent matches (the "Client Match List"). A copy of the Client Match List is attached as Exhibit 2.

f.     Using information in the Client Database concerning entities on the Client Match List, and making general and, if applicable, specific inquiries of McCarter personnel, McCarter verified that it does not represent and has not represented any entity on the Client Match List in connection with the Debtor or the Chapter 11 Case.

g.     In addition, a general inquiry to all McCarter personnel (attorneys and staff) was sent by electronic mail to determine whether any individual or any member of his or her household (ii) holds a claim against or interest adverse to Debtor, Beaches Seafood Market & Restaurant, LLC or Willow Creek Homes, LLC (collectively, "Affiliated Entities"); (iii) is or was an officer, director, or employee of an Affiliated Entity; (iv) is related to or has any connections to Bankruptcy Judges in the District of Delaware; or (v) is related to or has any connections to anyone working in the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

## MCCARTER'S CONNECTION WITH THE DEBTOR'S

6.     McCarter compiled responses to the foregoing inquiries for the purposes of preparing this Declaration. Responses to the inquiry described in paragraph 5(g) above reflect that, as of the Petition Date, no McCarter personnel or member of the household of any McCarter personnel holds any claims against, stock of, or other interests in the Debtor or the Affiliated Entities and that no such individuals held any significant employment with the Debtor. In addition, no McCarter attorney is related to or has any connections to any bankruptcy judge in the District of Delaware, or to anyone working in the Office of the United States Trustee for the District of Delaware. Accordingly, I submit that the appointment of McCarter would not be prohibited by Bankruptcy Rule 5002.

7.     McCarter has rendered, among other services, restructuring-related legal services to the Debtor since the middle of June 2019. Since that time, McCarter has advised the Debtor on certain financial matters and eventually on the preparation of this Chapter 11 Case. McCarter

has provided the necessary services to enable the Debtor to commence the above-captioned Chapter 11 Case. McCarter was primarily responsible for the preparation of the chapter 11 petition and filings relating to this Chapter 11 Case and its commencement.

### MCCARTER CONNECTIONS WITH POTENTIAL PARTIES IN INTEREST IN MATTERS UNRELATED TO THE CHAPTER 11 CASE

8. Either I or a co-worker, working under the supervision of a partner of McCarter, reviewed the connections between McCarter and the clients identified on the Client Match List and the connections between those entities and the Debtor. After such review, either I or a co-worker, working under the supervision of a partner of McCarter, determined, in each case, that McCarter does not hold or represent an interest that is adverse to the Debtor's estate and that McCarter is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

9. McCarter previously represented, currently represents and may represent in the future the entities (or their affiliates) described in Exhibit 2 and below, in matters totally unrelated to the Debtor.

10. To the best of my knowledge and information, none of the entities or individuals identified in the Client Match List represent more than one percent (1%) of McCarter's annual revenues over the past twelve (12) months. To the extent issues may arise that would cause the Debtor to be adverse to any client of McCarter, such that it would no longer be appropriate for McCarter to represent the Debtor with respect to the matters, the Debtor will retain special counsel with respect to such matters.

11. Except as provided herein, McCarter has not represented, does not represent, and will not represent any entities other than the Debtor in matters directly related to the Debtor or the Chapter 11 Case.

12. In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b), and Bankruptcy Rule 2014(a), between McCarter and: (i) the United States Trustee or any person employed by the United States Trustee; (ii) any attorneys, accountants, or financial consultants in the Chapter 11 Case; or (iii) any investment bankers who represent or may represent the Debtor, claimants or other parties in interest in the Chapter 11 Case except as set forth herein.

13. As part of its practice, McCarter appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of whom now, or may in the future, represent claimants and other parties in interest in this Chapter 11 Case. McCarter has not represented, and will not represent, any such parties in relation to the Debtor or his Chapter 11 Case. I am not aware of any relationship between McCarter and any attorneys, accountants, or other professionals that are adverse to the Debtor or his estate.

14. Additionally, McCarter has represented, and may currently represent, entities that hold, or may in the future hold, certain of the Debtor's debt in beneficial accounts on behalf of unidentified parties. Because distressed debt is actively traded in commercial markets, McCarter may be unaware of the actual holder of such debt at any given moment. McCarter also represents numerous entities in unrelated matters that may buy and/or sell distressed debt, claims, or equity interests of chapter 11 debtors.

15. Despite the efforts described herein to identify and disclose McCarter's connections with the parties in interest in this Chapter 11 Case, and because the Debtor has numerous relationships, McCarter is unable to state with certainty that every client relationship

6

or other connection has been disclosed. Therefore, McCarter will continue to apply the Firm Disclosure Procedures throughout this Chapter 11 Case. If any new material, relevant facts, or relationships are discovered or arise, McCarter will promptly file a supplemental disclosure with the Court. Generally, it is McCarter's policy to disclose entities in the capacity that they first appear in a conflict search. For example, if an entity already has been disclosed in this Declaration in one capacity (e.g., customer) and the entity appears in a subsequent conflict search in a different capacity (e.g., vendor), McCarter does not disclose the same entity again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

16. From time to time, McCarter has referred work to other professionals that may be retained in this Chapter 11 Case. Likewise, certain such professionals may have referred work to McCarter.

17. McCarter will continue to apply the Firm Disclosure Procedures as additional information concerning entities having a connection with the Debtor is developed and/or received from the Debtor and will file appropriate supplemental disclosure(s) with the Court, to the extent necessary.

**CONNECTIONS WITH THE DEBTOR;
NO ADVERSE INTEREST; DISINTERESTEDNESS**

18. Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe McCarter does not hold or represent an interest adverse to the Debtor's estate in the matters in which McCarter is to be employed.

19. McCarter is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by 1107(b) of the Bankruptcy Code and section 327(a) of the Bankruptcy Code.

7

ME1 31096175v.1

20. McCarter is not a creditor, an equity security holder, or an insider. It also does not have an interest materially adverse to the interest of the Debtor's estate or any class of creditors or equity security holder, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

## MCCARTER'S FEE ADVANCE, RATES AND BILLING PRACTICES

21. McCarter is not a creditor of the Debtor. 18.McCarter was retained to represent the Debtor in connection with this Chapter 11 Case on or about June 18, 2019. McCarter's engagement letter provided for a $12,000 "evergreen" retarainer, of which the Debtor authorized McCarter to apply $2,187.00 to its invoices for services rendered to reimburse McCarter for expenses incurred in connection with preparation of the Chapter 11 Case. Due to a processing error, no funds were transferred prior to the Petition Date. McCarter waived its right to recover for the pre-petition services and was not a creditor of the Debtor's estate as of the Petition Date. As of the Petition Date, McCarter held approximately $12,000 on behalf of the Debtor as an advance payment retainer (the "Fee Advance"). McCarter received a total of $0.00 during the ninety (90) days prior to commencement of this Chapter 11 case pursuant to its engagement letter.

22. McCarter intends to apply the Fee Advance to any outstanding amounts relating to the period prior to the Petition Date that were not waived or processed through McCarter's billing system as of the Petition Date. Upon Court approval, the balance of the Fee Advance will be held by McCarter as a retainer during the pendency of the Chapter 11 Case. As of the Petition Date, the Debtor does not owe McCarter any fees for services performed or expenses incurred.

23. McCarter intends to charge the Debtor for services rendered in this Chapter 11 Case at McCarter's normal hourly rates in effect at the time the services are rendered. McCarter's current customary hourly rates, subject to change from time to time, are $460.00 to

$695.00 for partners, $570.00 to $650.00 for counsel, $245.00 to $445.00 for associates, and $196.00 to $260.00 for paralegals.

24. McCarter also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtor in accordance with McCarter's normal reimbursement policies, subject to any modifications to such policies that McCarter may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware and any other applicable rules, laws, statutes, procedures or guidelines (collectively, "Fee Guidelines"). McCarter's disbursement policies pass through the following expenses and charges at actual cost or an estimated actual cost when the actual cost is difficult to determine: express mail charges, photocopying charges, hand delivery and other delivery charges, travel expenses, computerized research and other expenses necessary to conduct its work. Other reimbursable expenses (whether the service is performed by McCarter in-house or through a third party vendor) include, but are not limited to, overtime, overtime meals, court costs, cost of food at meetings, transcript fees, translation services, and clerk fees.

25. No promises have been received by McCarter, or any partner, counsel, or associate thereof, as to payment or compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines and the engagement letter between the Debtor and McCarter. McCarter has no agreement with any other entity to share with such entity any compensation received by McCarter.

26. The Application requests, pursuant to section 327(a) of the Bankruptcy Code, the Court's approval of the Debtor's retention of McCarter on rates, terms, and conditions consistent

with what McCarter charges non-chapter 11 debtors, namely, prompt payment of McCarter's hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, McCarter intends to apply pursuant to section 330 of the Bankruptcy Code for allowances of compensation for professional services rendered in this Chapter 11 Case and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.

## COORDINATION WITH OTHER PROFESSIONALS FOR THE DEBTOR

27. McCarter has handled virtually all legal matters relating to the preparation of the Chapter 11 Case since the middle of June 2019. In the course of that representation, McCarter has developed extensive and detailed knowledge of all aspects of the Debtor's legal and financial affairs and his business operations. McCarter has performed services necessary to enable the Debtor to file this Chapter 11 Case. McCarter was primarily responsible for the preparation of the chapter 11 petition, initial motions and applications relating to the Chapter 11 Case and its commencement.

28. The Debtor has filed, or expect to file shortly, an application seeking to employ PKS & Company, P.A. as accountants. McCarter has advised the Debtor that it intends carefully to monitor and coordinate the efforts of all professionals retained by the Debtor in the Chapter 11 Case, and will clearly delineate their respective duties so as to prevent duplication of efforts and resources whenever possible.

## ATTORNEY STATEMENT

29. McCarter is seeking employment as counsel for the Debtor under section 327 of the Bankruptcy Code and it hereby provides the following disclosures.

30. McCarter did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement. McCarter did not vary its rates based on the geographic location of the bankruptcy case. McCarter represented Debtor prior to the Petition Date. McCarter's billing rates and material financial terms with respect to this engagement have not changed since the engagement letter was executed other than to comply with the provisions of the Bankruptcy Code and any Orders relating to the timing and payment of compensation and reimbursement of expenses. The Debtor has approved McCarter's prospective budget and staffing plan for the Chapter 11 Case. The Debtor and McCarter will work together to revise the budget and staffing plan as needed.

31. The foregoing constitutes the statement of McCarter pursuant to sections 327(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 16, 2019

/s/ *Shannon D. Humiston*
Shannon D. Humiston (No. 5740)